A CERTIFIED TRUE COPY
ATTEST

By April Layne on Dec 18, 2007

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

CLERK, U.S. DISTRICT COURT
DEC 27 2007
BY _____ Deputy

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 18, 2007

FILED
CLERK'S OFFICE

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION

MDL No. 1897

U.S. DISTRICT COURT
FILED
JAN 04 2008
S.D. OF N.Y.

**TRANSFER ORDER**

**Before the entire Panel**[*]: Defendants Mattel, Inc. (Mattel) and Fisher-Price, Inc., and plaintiffs in three actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the District of South Carolina action support centralization, but suggest the District of South Carolina as transferee district. Plaintiffs in the Southern District of New York actions support centralization, but suggest the Southern District of New York as transferee district. Plaintiff in the Eastern District of Pennsylvania *Monroe* action opposes the inclusion of her action in MDL No. 1897 proceedings.

This litigation currently consists of eleven actions listed on Schedule A and pending in five districts as follows: five actions in the Central District of California; two actions each in the Southern District of New York and the Eastern District of Pennsylvania; and one action each in the Southern District of Indiana and the District of South Carolina.[1]

On the basis of the papers filed and hearing session held, we find that these eleven actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share questions of fact relating to the production of defendants' toys in China with surface paints that allegedly contain elevated levels of lead and the sale of those toys in the United States. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

The Eastern District of Pennsylvania *Monroe* plaintiff argues that inclusion of her action is not appropriate, because, *inter alia*, her action seeks only medical monitoring. We respectfully disagree. Like *Monroe*, most of the actions before us seek medical monitoring. Centralization under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that ensures streamlined resolution of all actions to the overall

---

[*] Judge Scirica did not participate in the decision of this matter.

[1] The Panel has been notified that seven other related actions have been filed, five in the Central District of California, and one each in the Northern District of California and the District of District of Columbia. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

IN RE: MATTEL, INC., TOY LEAD PAINT
PRODUCTS LIABILITY LITIGATION                           MDL No. 1897

## SCHEDULE A

### Central District of California

Ann L. Mayhew, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5126
Nicole B. White, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5366
Adam Luttenberger, etc. v. Mattel, Inc., et al., C.A. No. 2:07-5539
Heather Davis Puerzer, et al. v. Mattel, Inc., et al., C.A. No. 2:07-5661
Nisha Shah v. Fisher-Price, Inc., et al., C.A. No. 2:07-5960

### Southern District of Indiana

Steve Sarjent, et al. v. Fisher-Price, Inc., et al., C.A. No. 1:07-1060

### Southern District of New York

Farrah Shoukry v. Fisher-Price, Inc., et al., C.A. No. 1:07-7182
Seth Goldman v. Fisher-Price, Inc., et al., C.A. No. 1:07-7764

### Eastern District of Pennsylvania

Nydia Monroe, etc. v. Mattel, Inc., C.A. No. 2:07-3410
Jacob Chow, et al. v. Mattel, Inc., et al., C.A. No. 2:07-3741

### District of South Carolina

Daniel S. Hughey, et al. v. Fisher-Price, Inc., et al., C.A. No. 2:07-2930